# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOSE CASTRO MONTOYA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-06861-MBK

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Jose Castro Montoya, a Mexican citizen, is currently in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Mr. Castro Montoya has lived in the United States for approximately 27 years and has applied for adjustment of status based on his marriage to a United States citizen. In connection with his application, Mr. Castro Montoya has attended an in-person interview with United States Citizen and Immigration Services ("USCIS") and been granted employment authorization.

On November 5, 2026, Petitioner was arrested in Riverside, California, for driving under the influence of alcohol. The same day, Immigration and

Customs Enforcement (“ICE”) arrested Petitioner and commenced removal proceedings. In this habeas action, Mr. Castro Montoya challenges the legality of his sudden arrest and ongoing detention under the Due Process Clause and the Immigration and Nationality Act. For the reasons that follow, the Court concludes that Petitioner’s detention violates due process. The Court therefore grants the Petition and issues a writ of habeas corpus requiring Petitioner’s immediate release.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Jose Castro Montoya is a Mexican citizen who has resided in the United States for approximately 27 years. Dkt. 1 at 9-10. He is married to a United States citizen. *Id.* at 2. On or about August 8, 2024, Petitioner was admitted into the United States at the Otay Mesa port of entry in San Diego, California, with a B-2 visitor visa authorizing his stay through October 18, 2024. Dkt. 8-1 at 2. In or about June 2025, Petitioner submitted a petition to adjust his status to lawful permanent resident (Form I-245). Dkt. 1 at 2. In connection with his application, Petitioner voluntarily appeared for an in-person interview with USCIS on September 30, 2025, and has been granted employment authorization. *Id.* During his time in the United States, Petitioner has obtained a driver’s license, maintained lawful employment, and has become very involved in his community. *Id.* at 9.

On November 5, 2026, Petitioner was arrested by the Riverside Police Department on suspicion of driving under the influence of alcohol. Dkt. 8-1 at 2. Based on that arrest and that Petitioner “is amenable to ICE enforcement action,” ICE issued an I-200 Warrant for Petitioner’s arrest. *Id.*[1] Later the

---

[1] Petitioner raises several questions about the accuracy and authenticity of the warrant. Dkt. 9 at 8-14. Because the Court does not reach Petitioner’s claims regarding his alleged warrantless arrest, it declines to resolve these factual issues.

same day, ICE officers approached Petitioner as he exited the Robert Presley Detention Center in Riverside. *Id.* The identified themselves and conducted an interview with Petitioner. *Id.* Petitioner was transported to the San Bernardino Office for processing, then later transferred to the Adelanto Detention Facility, where he remains today.

Mr. Castro Montoya filed the instant Petition on November 14, 2026. Dkt. 1 He argues: (1) his warrantless arrest violated 8 U.S.C. §§ 1226(a) and 1357(a)(2); (2) his detention without a pre-deprivation hearing violates procedural due process; and (3) his ongoing detention violates substantive due process because he is not a danger or flight risk. Dkt. 1 at 19-27. He asks the Court to issue a writ of habeas corpus ordering his immediate release from custody. *Id.* at 29-31. The Court issued Notice of General Order 26-05 and Briefing Schedule on November 16, 2026. Dkt. 5.

On November 23, 2026, Respondents filed their Answer. Dkt. 8. They argue that Petitioner is not entitled to release due to his recent arrest for a driving under the influence offense and "because he has not gained a vested liberty interest." *Id.* at 4. However, they concede that he is eligible for an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). *Id.* at 2-3. On November 24, 2026, Petitioner filed a reply. Dkt. 9. The parties have consented to jurisdiction of the Magistrate Judge. Dkt. 7.

## II. DISCUSSION

Petitioner Jose Castro Montoya argues that, *inter alia*, he is entitled to immediate release from custody because he was deprived of his liberty interest without adequate pre-deprivation due process. Dkt. 1 at 24-27.

A "two-step analysis" applies to procedural due process claims. *Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). First, the Court must determine

if Petitioner was deprived of a constitutionally protected interest. *Id.* Second, if such an interest exists, the Court then considers "whether that deprivation was accompanied by sufficient procedural protections." *Id.* To evaluate the adequacy of procedural protections, the Court applies the familiar *Mathews v. Eldridge* framework, which considers: (1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the Government's interest. 424 U.S. 319, 335 (1976).

**1. Petitioner has a Constitutionally Protected Liberty Interest**

"It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (internal quotation marks omitted). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "While the temporary detention of non-citizens may sometimes be justified by concerns about public safety or flight risk, the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process . . . ." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

Petitioner argues—and Respondents do not dispute—that he has a constitutionally protected interest in freedom from incarceration. In addition, Petitioner has lived in the United States for approximately 27 years and has a pending application to adjust status. As such, the Court concludes that Respondents deprived Petitioner of a constitutionally protected liberty interest when they re-detained him.

**2. *Mathews* Balancing Test**

Because Respondents deprived Petitioner of a protected liberty interest, the Court considers "whether that deprivation was accompanied by sufficient

procedural protections." *Johnson*, 55 F.4th at 1179.

**a. Private Interest**

With respect to the first *Mathews* factor, Petitioner has a substantial liberty interest in maintaining his settled life out of custody. Petitioner has resided in the United States for over 27 years, is married to a United States citizen, and has been granted employment authorization while he pursues adjustment of status.

This Court has previously found that a noncitizen previously released from custody has a conditional liberty interest in their freedom. *See e.g., Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-CV-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). Courts have extended these principles to cases in which a noncitizen had not been released from immigration custody previously, but where the record indicates that the Government "deliberate[ly] acquiesce[d]" in the noncitizen's remaining at liberty in the United States. *See Martinez v. Acting Warden of the Adelanto Detention Center*, No. 5:26-cv-02635-ACCV, 2026 WL 2262269, at *5 (C.D. Cal. Aug. 5, 2026); *Gagik T. v. Chestnut*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026) (holding that a visa overstayer with a pending asylum application "possesses a constitutionally protected liberty interest that the Government cannot extinguish without affording pre-deprivation process"); *Kharitonova v. Albarran*, No. 3:26-CV-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (concluding that noncitizen who overstayed nonimmigrant visa and entered removal proceedings, but was never detained, had a protected liberty interest in remaining free).

This case is comparable. Petitioner became subject to detention under 8

U.S.C. § 1226(a) after his visa expired and he proceeded with adjustment application. Nonetheless, the Government did not exercise its discretion under the statute to detain him and instead granted him employment authorization as he proceeded with his adjustment application. *See* 8 U.S.C. § 1226(a) (providing that "an alien *may* be arrested and detained pending a decision on whether the alien is to be removed from the United States") (emphasis added). As with noncitizens who were formally released by DHS pending removal proceedings, DHS's decision to grant Petitioner employment authorization—rather than detain him—reflects a determination that his detention was not warranted under Section 1226(a). For the past two years, the Government knew exactly who and where Petitioner was, authorized him to work, and chose not to detain him.

Accordingly, the Court concludes that Petitioner has a conditional due process interest in remaining at liberty while he proceeds with his adjustment application, even if the Government has the authority to revoke that release. *See Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017) (holding that "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated"); *Garro Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7

(C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

Respondents' arguments to the contrary are without merit. Respondents argue that Petitioner has not "any declarations or evidentiary proof" that he has resided in the United States for 27 years. However, Petitioner's petition is verified. Dkt. 1 at 35. Respondents do not dispute the verification or otherwise provide a basis to question the factual assertions in the Petition. It is well-established that courts "may treat the allegations of a verified complaint or petition as an affidavit." *L. v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (citing *McElyea v. Babbitt*, 833 F.2d 196, 197–98 (9th Cir.1987).

Respondents also argue that Petitioner's "due process claim fails because he has not gained a vested liberty interest, as this Court has found," citing *Melkumyan v. Semaia*, No. 5:26-cv-03019-MBK, 2026 WL 1772761, at *2 (C.D. Cal. June 16, 2026). Dkt. 8 at 4. However, the petitioner in *Melkumyan* had not submitted an adjustment application and been granted employment authorization in connection with their application, and there was no other indication that DHS had acquiesced in their remaining at liberty in the United States. *See Melkumyan*, No. 5:26-cv-03019-MBK, 2026 WL 1772761, and *1-2 ("it does not appear that Petitioner had been previously released from custody or that immigration authorities previously made a determination that his detention was not warranted"). By contrast, where the record reflects that DHS elected not to detain a noncitizen while they pursued an immigration application, this Court has consistently found that noncitizens maintained a conditional liberty interest in their continued freedom. *See, e.g.*, *Zheng v. Warden of Adelanto Ice Processing Ctr.*, No. 5:26-cv-06767-MBK, 2026 WL 3595993, at *3 (C.D. Cal. Nov. 23, 2026); *Singh v. Semaia*, No. 5:26-cv-06371-MBK, 2026 WL 3270382, at *2 (C.D. Cal. Oct. 30, 2026); *Lyu v. Janecha*, No. 5:26-cv-05051-MBK, 2026 WL 2681631, at *3 (C.D. Cal. Sept. 13,

2026); *Yu v. Giles*, No. 5:26-cv-04692-MBK, 2026 WL 2455945, at *4 (C.D. Cal. Aug. 21, 2026). Consistent with this authority, the Court concludes that Petitioner has a conditional liberty interest protected by the Due Process Clause.

**b. Risk of Erroneous Deprivation**

With respect to the second *Mathews* factor, the Court finds that "[t]here is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of [his] liberty interest absent a pre-detention hearing." *Cruz v. Lyons*, No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129, at *4 (C.D. Cal. Nov. 6, 2025). The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas*, 533 U.S. at 699.

The record suggests that Petitioner is not a flight risk or danger requiring his detention. As discussed above, DHS's decision not to detain Petitioner, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Under Section 1226(a), DHS may only release a noncitizen where they do not present a sufficient danger or flight risk requiring their detention. *See* 8 C.F.R. § 236.1(c)(8) (providing that the Government may release a noncitizen under Section 1226 "provided that the alien [] demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding").

Respondents have not shown any material change in circumstances to suggest that Petitioner's detention was necessary to prevent danger or risk of

flight. Petitioner has resided in the United States for decades, is married to a United States citizen, has maintained lawful employment, and has no criminal convictions during his time in the United States. Respondents argue that Petitioner's recent DUI arrest constitutes a changed circumstance justifying his detention. Dkt. 8 at 2-3. While an arrest may justify a noncitizen's detention in certain circumstances, Respondents provide no evidence about the nature or circumstances of Petitioner's arrest—or any other information—that suggests he is in fact an unmanageable risk of danger. Petitioner is presumed innocent of the DUI charge and Riverside Police Department apparently decided that he could be safely released pending the adjudication of the charge. Courts have found that a DUI *conviction*—or even multiple convictions—may be insufficient to establish that a noncitizen poses a risk of danger justifying their detention. *See Fuentes Reyes v. Wolf*, No. 2:19-cv-02086-GMN-EJY, 2020 WL 2308075, at *12 (D. Nev. May 8, 2020) (collecting cases).

Based on the record before this Court, the Court concludes that there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary detention.

**c. Government Interest**

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a pre-detention hearing." *Cruz*, 2025 WL 4051129 at *4 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or

alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews,* 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

* * *

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that the Government's lack of constitutionally-adequate procedures has resulted in his unnecessary detention, and the Government's interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's detention of Petitioner without adequate pre-deprivation process violated due process.

Because Petitioner's detention has been unlawful from the outset, the Court concludes that "Petitioner's prompt release is the remedy that will best return Petitioner to the status quo and restore his position as it was prior to the" constitutional violation. *Chowdhury v. Lyons*, No. 5:26-cv-01252-MEMF-E, 2026 WL 1045562, at *7 (C.D. Cal. Apr. 13, 2026); *Movsesyan v. Bondi*, No. 5:26-CV-00875-MBK, 2026 WL 712824, at *4 (C.D. Cal. Mar. 9, 2026). "[C]ourts in this District have concluded that a post-deprivation bond hearing ordinarily 'is not an adequate substitute' for a pre-deprivation hearing." *Herman v. DHS*, No. 5:26-cv-01995-MBK, 2026 WL 1723960, at *5 (C.D. Cal. June 12, 2026) (collecting cases). This is because "the purpose of habeas remedies is to put the defendant back in the position he would have been in if the constitutional violation never occurred." *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (cleaned up). *See also United States v. Stein*, 541 F.3d 130,

146 (2d Cir. 2008) (recognizing that the "[t]he appropriate remedy for a constitutional violation is one that as much as possible restores" a litigant "to the circumstances that would have existed had there been no constitutional error") (cleaned up). This principle has particular force where, as here, the protections at issue are intended to prevent an unlawful detention in the first place. *See United States v. Morrison*, 449 U.S. 361, 364 (1981) (observing "the general rule that remedies should be tailored to the injury suffered").

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS that (1) Judgment be entered GRANTING the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Jose Castro Montoya's (A# 235-971-818) immediate release, subject to reasonable conditions, and prohibiting his re-detention absent a hearing before a neutral decisionmaker at which the Government must show changed circumstances warranting his detention; and (3) Respondents shall file a status report no later than three (3) days from the date of this Order confirming that Petitioner has been released from Respondents' custody consistent with this order.

Dated: November 25, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE